■ The People of the State of New York ex rel. Lynne Rowe, Respondent, against Robert Rowe et al., Appellants.— Appeal from order [2697], dated April 26, 1960, which order sustains the writ of habeas corpus and grants custody of the infant children to their mother, the relator, is unanimously dismissed as moot in the light of the decision in Appeal No. 2698, without costs. Order [2698], dated May 5, 1960, which order adhered to the decision of the court, made by order dated April 26, 1960, sustaining the writ of habeas corpus and granting custody of the two children to their mother, the relator, is unanimously reversed on the law, on the facts, and in the exercise of discretion, without costs. The mother voluntarily gave custody of the two children involved to the father. This was done by written separation agreement which the mother consented to have incorporated in the divorce decree obtained by her in the State of Alabama. The voluntary relinquishment of custody of the children is not determinative of the disposition to be made. The welfare of the children is the chief concern of the court and it is their best interests that will be given consideration in deciding who should have custody. However, the events leading to the decision of the mother to voluntarily give up custody of her children are important and must be taken into consideration in deciding the issue. It seems that she could not properly take care of the children when custody was hers. Though she was assisted by her mother she still was unequal to the task and found it necessary to board the children out. Thus, they had neither the parental guidance of the mother nor of the father. At that time she was receiving psychiatric treatment which made it well nigh impossible for her to give the children proper care. She now seeks custody of the children claiming that circumstances have changed. We find no significant change. She points to the fact that her mother has remarried and is about to move into a new home and asserts that her mother and her new husband are quite willing that she and the children live with them. She urges that then the children will have a good home and, again with the aid of her mother, she will be able to give them proper care. At best, she expresses but a hope. There is nothing to indicate that her mother's new matrimonial venture will be successful and no clear indication that the home to be provided for will be one of stability. It should be noted that the relator still of necessity is under psychiatric treatment. On the other hand the children are now being well taken care of by the father. They live with his aunt, their great-aunt. They have a good home, in good environment, have the advantage of constant guidance and are being properly brought up. It would seem unwise to move them from a home of demonstrated stability to a place where their future is uncertain. It seems that for the present it would be better to allow the children to remain where they are rather than make a change which may lead to their subsequent further disruption. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.